IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA    :

    v.    :    Criminal No. DKC 10-0596-002

BOLARINWA ANDREW ADEYALE    :

**MEMORANDUM OPINION AND ORDER**

Before the court is a letter docketed by the Clerk as a motion to reduce sentence filed by defendant Bolarinwa Andrew Adeyale, a federal prisoner.  (ECF No. 403).[1]  The letter requests the court to reduce Defendant's sentence, essentially because of the efforts he has made while in prison and his desire to put his skills to work.  He reports that he has four courses remaining before he receives an MBA from California Coast University, that he has completed five months of a nine month drug/behavior program, and that he has a job upon release.  He wishes the court to reduce his sentence so he "can get back to my family and apply myself to the man that society want to be."

A jury found Mr. Adeyale guilty of conspiracy to commit bank fraud (count one), two counts of bank fraud (counts five

---

[1] The clerk erroneously interpreted the letter as a request to reduce sentence under Amendment 782 to the Sentencing Guidelines and sent Mr. Adeyale a letter indicating that the Public Defender would follow up.  ECF no. 404.  As explained herein, Mr. Adeyale's request has nothing to do with the guidelines.

and six), and aggravated identity theft (count ten).  This court sentenced Mr. Adeyale to 84 months imprisonment consisting of a 60 month sentence on counts one, five, and six, and a consecutive term of 24 months on count ten on March 4, 2013.

Mr. Adeyale appealed the sentence.  The United States Court of Appeals for the Fourth Circuit affirmed the sentence and a mandate issued on September 3, 2014.  (ECF No. 380).  On October 30, 2015, Mr. Adeyale filed a motion to vacate or set aside his conviction, or correct sentence (ECF No. 386).  This motion is fully briefed and will be decided in due course.

Mr. Adeyale's pending letter requesting a reduction of sentence does not indicate a legal basis, and the court's ability to do so under the circumstances is severely restricted.  While Rule 35 provides avenues for sentencing changes based on errors (within 14 days) or "[u]pon the government's motion" based on a defendant's providing "substantial assistance in investigating or prosecuting another person," neither applies to Mr. Adeyale.  Furthermore, under 18 U.S.C. §3582(c)(2), a court may not modify a term of imprisonment once has been imposed unless statutorily prescribed exceptions apply.  Section 3582(c)(2) allows a court to modify a sentence only:  1) upon motion of the Director of the Bureau of Prisons if "extraordinary and compelling reasons" exist; 2) if otherwise expressly permitted by statute or Federal Rule of Criminal

Procedure 35; or 3) if the sentencing range is subsequently lowered by the Sentencing Commission. *See* 18 U.S.C. §3582(c). None of these instances apply to Mr. Adeyale.  Thus, while the court applauds Mr. Adeyale's rehabilitation efforts, the court is without authority to grant the relief requested.

Accordingly, it is this 4th day of August, 2016, by the United States District Court for the District of Maryland, ORDERED that:

1.   Defendant's letter, docketed as a motion to reduce sentence at ECF No. 403, BE, and the same hereby IS, DENIED; and

2.   The clerk is directed to transmit this Memorandum Opinion and Order to counsel for the government and directly to Defendant.

```
                              _____/s/_____
                              DEBORAH K. CHASANOW
                              United States District Judge
```